# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON BOEHMISCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17 CV 399 DRH/RJD |
| | ) |
| AMS SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Strike the Plaintiff's Request for Attorney's Fees. (Doc. 19.) On April 17, 2017, Plaintiff commenced this action, invoking diversity of citizenship jurisdiction and alleging a state law contract claim against Defendant. (Doc. 1.) On August 8, 2017, Defendant filed the instant motion to strike Plaintiff's prayer for attorney fees from the complaint, arguing that Plaintiff cited no legal authority to support the prayer. (Doc. 19.) Plaintiff responds that an Illinois statute, 705 ILCS 225/1, provides the legal authority for attorney fees. (Doc. 23.) In reply, Defendant maintains that the prayer should nevertheless be stricken due to Plaintiff's failure to comply with the operative statute. (Doc. 24.)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller v. Fin., Inc. v.*

*Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D.Ill. 1992). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D.Ill. 1997). The determination of whether to strike under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Defendant does not argue that allowing the prayer for attorney fees to remain would cause prejudice, nor does Defendant argue that the prayer for attorney fees is irrelevant to the controversy at issue. Rather, Defendant argues that Plaintiff cannot demonstrate that he complied with the statute that authorizes attorney fees. Such arguments are more appropriately raised at the summary judgment stage. *See* Fed. R. Civ. P. 56.

Based on the foregoing, Defendant's Motion to Strike (Doc. 19) is DENIED.

**SO ORDERED.**

**DATED: October 2, 2017**                    s/       *Reona J. Daly*
                                              **UNITED STATES MAGISTRATE JUDGE**