IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON BOEHMISCH,

    Plaintiff,

vs.

                                              No. 17-cv-399-DRH-RJD

AMS SERVICES, LLC,

    Defendant.

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is a motion for partial summary judgment submitted by Defendant AMS Services, LLC ("Defendant" or "AMS") on March 12, 2018 (Doc. 49). Plaintiff Aaron Boehmisch ("Plaintiff" or "Boehmisch") offered on March 16, 2018 a response in opposition of said motion (Doc. 50). For the reasons set forth below, the Court **GRANTS** Defendant's motion for partial summary judgment.

### II. Background

On April 17, 2017, Plaintiff filed his Complaint (Doc. 1) in this matter and on April 20, 2017, Plaintiff filed his Amended Complaint (Doc. 6) naming Defendant as the sole defendant. In his Amended Complaint, Plaintiff alleges that on or about August 30, 2015, Plaintiff and AMS entered into an employment contract ("the Contract") that provided Plaintiff the opportunity to earn certain

commissions (Doc. 6, Exhibit A). Plaintiff further alleges that AMS did not pay Plaintiff his earned commissions as required by the Contract and Plaintiff "made demands upon AMS to pay him his commission earned but AMS has not complied with the terms of Exhibit A." *Id.*

Thereinafter, on September 1, 2017, the Court entered a Scheduling and Discovery Order that required dispositive motions to be filed by June 23, 2018 and set October, 2018 as the presumptive bench trial month (Doc. 26).

Thereinafter, on March 12, 2018, AMS filed a motion for partial summary judgment (Doc. 49) arguing that the Attorneys Fees in Wage Actions Act ("Act") 705 ILCS 225/1 relied on by Plaintiff to support his claim for attorneys' fees does not apply because Plaintiff did not make a demand sufficient to satisfy the Act. The Act provides in part that "a demand was made in writing at least 3 days before the action was brought." § 225/1. Defendant contends that the Act does not apply in this case because Plaintiff did not assert in his Original or Amended Complaint that he made a written demand to AMS regarding earned wages before initiating the present suit (Doc. 49). Additionally, Defendant argues that Plaintiff has failed to provide any evidence to support his allegation that he emailed AMS a written demand regarding earned compensation. *Id.*

Thereinafter, on March 16, 2018, Plaintiff filed a response (Doc. 50) to AMS' motion for partial summary judgment (Doc. 49) arguing that AMS' motion for partial summary judgment should be denied because the issue of spoliation of evidence creates a genuine issue of material fact. First, Plaintiff alleges that while

working for AMS he made demands for earned commissions by email to Mark Duke and Lois Anderson, officers of AMS. Next, Plaintiff further alleges that AMS "responded to Plaintiff's Request for Production of Documents and produced a disk allegedly containing all emails from Boehmisch's work email account. Plaintiff reviewed all emails on the disk and found that his written requests for payments of commissions did not exist in the documents given to him." (Doc. 50). Finally, Plaintiff alleges that "Defendant AMS intentionally deleted portions of Plaintiff's email account together with emails requesting payment which was an intentional spoliation of evidence." *Id.*

### III. Applicable Law

Summary judgment is appropriate only if the admissible evidence considered as a whole shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing Fed. R. Civ. P. 56(a)). The party seeking summary judgment bears the initial burden of demonstrating – based on the pleadings, affidavits and/or information obtained via discovery – the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Bunn v. Khoury Enterpr. Inc.*, 753 F.3d 676 (7th Cir. 2014).

In assessing a summary judgment motion, the district court normally views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012); *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011); *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

## IV. Analysis

At this stage, there are three primary issues to address: (1) whether Plaintiff's allegation regarding the existence of prior emails related to his claim creates a genuine issue of material fact; (2) whether Plaintiff's allegation regarding the spoliation of evidence creates a genuine issue of material fact; and, (3) whether AMS is entitled to judgment as a matter of law on Plaintiff's claim for attorneys' fees under the Act. The Court shall address each in turn.

1. **Plaintiff's allegation regarding the existence of prior emails related to his claim is not sufficient to create a genuine issue of material fact.**

Plaintiff argues that Defendant's motion for partial summary judgment should be denied because the "issue of the prior existence of the emails requesting Boehmisch's commissions create a genuine issue of material fact." (Doc. 50). In *Celotex*, the Court explained that:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322.

Here, AMS has demonstrated there is no genuine issue of material fact as it relates to the alleged existence of prior emails between AMS and Plaintiff regarding Plaintiff's earned commissions. After adequate time for discovery, Plaintiff has failed to make a showing sufficient to establish the existence of a prior demand to AMS made in writing at least three days before this action was brought. Plaintiff alleges the existence of prior emails but does not present any evidence to support his assertions and theories. The Court cannot view the evidence in the light reasonably most favorable to Plaintiff when there is no evidence – aside from bare assertions – to support his position that there were prior written communications regarding earned commissions between himself and AMS. Therefore, based on the pleadings, affidavits and information obtained via discovery, Plaintiff's allegation regarding the existence of a prior written demand made to AMS is not sufficient to create a genuine issue of material fact.

**2. Plaintiff's allegation regarding AMS' spoliation of evidence is not sufficient to create a genuine issue of material fact.**

Plaintiff argues that Defendant's motion for partial summary judgment should be denied because the issue of AMS allegedly deleting emails related to Plaintiff's claim creates a genuine issue of material fact. In *Celotex*, the Court

explained that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex*, 477 U.S. at 322-24.

Here, Plaintiff alleges that AMS "deleted important emails," but again, does not present any evidence to support his position (Doc. 50). Plaintiff's spoliation argument does not work because his allegation is based on supposition, speculation, and conjecture with no evidence to support his theory. Therefore, based on the pleadings, affidavits and information obtained via discovery, Plaintiff's allegation regarding AMS' spoliation of evidence is not sufficient to create a genuine issue of material fact.

3. **AMS is entitled to judgment as a matter of law on Plaintiff's claim for attorneys' fees under the Act.**

AMS is entitled to judgment as a matter of law on Plaintiff's claim for attorneys' fees under the Act because there is no evidence to support Plaintiff's assertion that he made a written demand to AMS at least three days before filing the present suit. The Act provides:

> Whenever a mechanic, artisan, miner, laborer, servant or employee brings an action for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, <u>and that a demand was made in writing at least 3 days before the action was brought</u>, for a sum not exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee of not less than $10, in addition to the amount found due and owing for wages, to be taxed as costs of the action.

705 ILCS 225/1 (emphasis added).

Here, the Act requires that a plaintiff make a written demand prior to bringing an action for wages earned. As previously discussed, there is no evidence to suggest Plaintiff made the requisite written demand. Therefore, AMS is entitled to judgment as a matter of law on Plaintiff's claim for attorneys' fees under the Act.

### V. Conclusion

In sum, the Court concludes that Plaintiff has failed to make a sufficient showing of the essential elements of his claim for attorneys' fees under the Act. The Court believes that summary judgment is appropriate here because the record supports such a finding.

Accordingly, the Court finds that there are no genuine issues of material fact and **GRANTS** Defendant's Motion for Partial Summary Judgment. Plaintiff's claim for attorneys' fees under the Act is **DISMISSED**, **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.19
10:28:28 -05'00'

United States District Judge